IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALBERT CHAVEZ, et al.

      Plaintiffs,

v.                                                                               CIV 16-1004 CG/KBM

ROSHERN MCKINNEY, et al.

      Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant City of Grants' Motion for Protective Order (*Doc. 35*), filed January 3, 2017. Having considered the parties' submissions and all pertinent authority, the Court will deny the Motion.

**I. Background**

Plaintiffs' First Amended Complaint alleges that Defendant Roshern McKinney orchestrated the violation of their constitutional rights on or about February 3, 2015. *Doc. 44* ¶ 25. On that day, then-Corporal McKinney and a team of Grants police officers executed a narcotics warrant at 531 Valencia Road, Plaintiffs' home. *Id.* The warrant, however, authorized a search of a different residence located at 1216 San Jose Drive. *Id.* ¶ 24. Plaintiffs allege that the officers detained them at gunpoint, subjected them to excessive force and violated their privacy during the course of the search of their home. No illegal drugs were found at the residence. *Id.* ¶¶ 27-40.

Plaintiffs bring suit against the individual officers pursuant to 42 U.S.C. § 1983 for violation of their rights under the United States Constitution and for torts under the New Mexico Tort Claims Act and state common law. Plaintiffs further allege that Defendants

Sena, Vandiver, Marquez and the City of Grants were negligent in the hiring and retention of Defendant McKinney and the training and supervision of the other defendant officers. *Id.* ¶¶ 101–12.

In discovery Plaintiffs asked the City to "identify any investigations or disciplinary actions commenced against Defendant McKinney during his employment at the Grants Police Department" and to produce all records of any such investigations or disciplinary actions. *Doc. 35-1*. The City does not object to providing these records up to and including the date of the search of Plaintiffs' residence. It does object to providing such information after that date on the basis that "McKinney's discipline after the execution of the search warrant is simply not relevant to Plaintiff's claims[.]" *Doc. 35* at 3.

Specifically at issue are records relating to an investigation that occurred approximately seventeen months after the execution of the search warrant. *Id.* Apparently, someone accused Defendant McKinney of providing marijuana to his girlfriend and of mishandling evidence. Following an investigation, the City terminated Defendant McKinney, and the New Mexico State Police filed criminal charges against him, including two counts of embezzlement, distribution or possession with intent to distribute marijuana, and conspiracy to distribute marijuana. *Id.*; *see also Doc. 35-2* (N.M. Case Lookup D-1333-CR-201600269).

**II. Legal Standard**

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without

the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Federal Rule of Civil Procedure 26(c)(1)(D) provides that the Court may forbid inquiry into certain matters upon a showing of good cause through the issuance of a protective order. Fed. R. Civ. P. 26(c)(1)(D). "It is the party seeking the protective order who has the burden to show good cause for a protective order." *Montoya v. Sheldon*, No. CIV 10-0360 JB/WDS, 2012 WL 2383822, at *5 (D.N.M. June 8, 2012).

**III. Analysis**

The City argues that the records are not discoverable because what transpired after the underlying incident is not relevant to Plaintiffs' claims. *Doc. 35* at 3. If relevant, however, "there is no bar against discovery of information about events occurring after the filing of a complaint." *McKinney v. Gannett Co., Inc.*, 660 F. Supp. 984, 990 (D.N.M. 1981). To the contrary, "such events may shed light on prior events." *Id.*

Plaintiffs first contend that the sought information is potentially relevant to Plaintiffs' state law supervisory claims. "An individual or entity may be held liable in tort for negligent hiring, negligent supervision, or negligent retention of an employee even though it is not responsible for the wrongful acts of the employee under the doctrine of respondeat superior." *Los Ranchitos v. Tierra Grande, Inc.*, 1993-NMCA-107, 116 N.M. 222, 228, 861 P.2d 263, 269. Courts have permitted discovery of post-incident officer misconduct in the context of claims for failure to train and supervise in <u>federal</u> Section 1983 municipal liability claims. They have done so citing potential relevance to the "custom or policy" element for a viable claim against a municipality. *See, e.g.*, *Martinez v. Cornell Corr. of Tex.*, 229 F.R.D. 215, 221 (D.N.M. 2005) (permitting

3

discovery of other incidents of misconduct after the incident in question); *Estate of Rice ex rel. Garber v. City & Cty. of Denver, Colo.*, 2008 WL 2228702, at *6 (D. Colo. May 27, 2008) (finding that post-incident investigations and discipline are relevant to the issue of policy or custom), *aff'd sub nom. Estate of Rice ex rel. Garber v. City & Cty. of Denver, Colorado*, 2008 WL 2781083 (D. Colo. July 16, 2008); *Lindquist v. Arapahoe Cty.*, 2011 WL 3163095, at *2 (D. Colo. July 26, 2011) (same); *Myles v. Cty. of San Diego*, 2016 WL 2343914, at *12 (S.D. Cal. May 4, 2016) ("post-event evidence is not only admissible for purposes of proving the existence of a municipal defendant's policy or custom, but may be highly probative with respect to that inquiry") (citations omitted).

As Defendants note, however, the existence of a "custom or policy" is not an element of the <u>state</u> law negligent hiring, retention or supervision claims. Moreover, the Court is unaware of any case extending discoverability of such post-incident conduct where, as here, only state law supervisory claims are at issue.

Nevertheless, the Court finds that the sought information is relevant to Defendant McKinney's credibility as a witness. In his sworn affidavit in support for issuance of the search warrant, Defendant McKinney indicated that "in January 2015 he, with the assistance of a confidential informant, had conducted two controlled buys of methamphetamine from 1216 San Jose Drive." *Doc. 44* ¶ 21. Defendant McKinney identified no other locations in his affidavit. *Id.* Yet in this action, Defendants contend, "the controlled buys of methamphetamine were purchased from the residence located at 531 Valencia Road." *Doc. 12* ¶ 7 (Answer to Complaint).

"[I]nformation that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable." *Dorato v.*

4

*Smith*, 163 F. Supp. 3d 837, 867 (D.N.M. 2015) (quoting Advisory Committee notes to Federal Rule 26). "A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character." Fed. R. Evid. 608(a). "Under Rule 608(b), the court in its discretion may allow impeachment of a witness by cross-examination concerning specific instances of conduct not resulting in conviction if the conduct relates to the witness's character for truthfulness or untruthfulness." *United States v. Dennis*, 625 F.2d 782, 798 (8th Cir. 1980); *accord Montoya v. Sheldon*, CIV 10-0360 JB/WDS, 2012 WL 1132505, at *5 (D.N.M. Mar. 20, 2012) (quoting *United States v. Beltran-Garcia*, 338 F. App'x 765, 770 (10th Cir. 2009) (unpublished)).

For instance, in the *Montoya* case cited above, Judge Browning found good cause to reopen discovery into pending criminal charges against a defendant officer that could call into question that officer's truthfulness. He determined that "[l]eaving the scene of an accident is conduct that is potentially probative of a witness' character for truthfulness or untruthfulness, particularly when that witness is a police officer who a jury would presume would be familiar with the law and its requirements." *Montoya*, 2012 WL 2383822, at *3 (D.N.M. June 8, 2012)).

Here, Defendant McKinney faces pending charges of embezzlement in connection with his employment with the City of Grants as a police officer. The Tenth Circuit has observed that embezzlement "involves some element of untruthfulness, deceit or falsification bearing on the accused's propensity to testify falsely." *United States v. Jackson*, 54 F. App'x 925, 930 (10th Cir. 2003) (quotation omitted). Therefore, the Court agrees with Plaintiffs that the requested employment records relating to

investigations and discipline, whether before or after the alleged illegal search of Plaintiffs' residence, "implicate Defendant McKinney's credibility and character for truthfulness." *Doc. 41* at 3. The City has not met its burden of showing good cause for denying production of the requested records.

### IV. Conclusion

The Court accordingly DENIES the City's Motion for a Protective Order (*Doc. 35*), and hereby ORDERS the City of Grants to produce the records at issue pursuant to the Stipulated Protective Order entered January 30, 2017.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE